THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. COOK, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 30, 1975, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree. Between 10:30 and 11:30 P.M. on September 27, 1974, a 1968 Plymouth sedan was taken from a driveway in Elmira, New York, without the permission of its owner. During the early morning hours of September 28, Sergeant Driscoll of the Chemung County Sheriff's Department observed a car, later identified as the one taken from the driveway, blocking a lane of traffic in Elmira. After observing the driver of the car stall it in a driveway and then drive with the high beams on, the officer followed until it came to a street, still in Elmira, which had been barricaded. At this point, the driver got out of the car and ran away. A man apprehended a short time thereafter, near the place where the car was abandoned, was identified at the scene and at the trial by Sergeant Driscoll as the driver of the car and as the defendant. The defendant's brother testified that he had spent the day of the 27th with the defendant drinking in various Elmira bars. He stated that when he last saw the defendant at 5:30 P.M. the defendant was, in his opinion, intoxicated. The defendant's mother testified that when she saw him at her house in Elmira at about 7:30 or 8:00 P.M., he was intoxicated. The defendant's girl friend testified that she saw him from 8:45 to 10:00 P.M. on the night of the

27th, the latter time being at the most an hour and a half before the Plymouth was taken, at which time he was intoxicated. Sergeant Driscoll and Deputy Hutchinson, the apprehending officer, both testified that they detected the odor of alcohol on defendant's breath on the night of his arrest, but that in their opinion he was sober. Among other issues raised by defendant on this appeal is his claim that the trial court erred in refusing his request to submit unauthorized use of a vehicle (Penal Law, § 165.05), a Class A misdemeanor, as a lesser included offense of criminal possession of stolen property in the second degree (Penal Law, § 165.45), the Class E felony for which he was indicted and convicted (see CPL 300.50; 1.20, subd 37). We agree. "It is well settled that if 'upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense' *(People v. Asan,* 22 N Y 2d 526, 529–530). Whether 'a defendant could properly be found guilty of a lesser degree or an included crime' depends on whether 'there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one' *(People v. Mussenden,* 308 N. Y. 558, 563). Only where there is no possible view of the facts by which the jury could find a lesser degree is such refusal justified" *(People v Usher,* 39 AD2d 459, 460, affd 34 NY2d 600. See, also, *People v Cionek,* 43 AD2d 256, affd 35 NY2d 924). Criminal possession of stolen property in the second degree requires that defendant "knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof" (Penal Law, § 165.45). A defendant is guilty of unauthorized use of a vehicle when "Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle" (Penal Law, § 165.05, subd 1). On this record, and particularly in view of the strong evidence of defendant's intoxication, which may be considered by the jury as negativing the intent in any crime (Penal Law, § 15.25; *People v Orr,* 43 AD2d 836, affd 35 NY2d 829), it was reversible error for the trial court to refuse to grant defendant's request to submit unauthorized use of a motor vehicle to the jury as a lesser included offense (CPL 300.50). Judgment reversed, on the law and the facts, and a new trial ordered. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.