■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS MARTIN, Appellant. — Appeal from a judgment of the County Court of Ulster County (Clyne, J.), rendered October 24, 1980, upon a verdict convicting defendant of the crime of burglary in the third degree. At approximately 12:25 A.M. on December 18, 1979, a burglar alarm at the D & D Auto Supply Store went off and the police immediately responded and arrested defendant fleeing from the building. The arresting officers testified that defendant was given the *Miranda* warnings and he responded by complimenting the police on their speedy arrival and told them that he was in the store because he needed a battery. They also testified that they found lights on in the building and that defendant's face was red, his eyes were bloodshot, his clothing was in disarray and he smelled of alcohol but he was otherwise coherent. There was other testimony that he had been drinking a good part of the day and was drunk. Approximately $60 to $80 was allegedly taken from the store. After a trial, defendant was convicted of burglary in the third degree and sentenced to two and one half to five years in prison as a predicate felon. This appeal ensued. Defendant testified that he did not remember being at the store in question and he contends that he was so intoxicated he could not form the intent required to commit the crime. He further contends that the court erred in refusing to charge criminal trespass in the third degree as a lesser included offense of burglary in the third degree and in failing to relate the defense of intoxication to the facts of the case in its charge to the jury. It is well settled that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the Trial Judge must submit such lesser offense (*People v Asan*, 22 NY2d 526, 529-530). It is only where there is no possible view of the facts by which the jury could find a lesser degree that such refusal is justified (*People v Usher*, 39 AD2d 459, 460, affd 34 NY2d 600). It has also been established that criminal trespass in the third degree is a lesser included offense of burglary in the third degree since burglary is simply an aggravated form of criminal trespass which requires, in addition to a knowing entry or a remaining unlawfully (the trespass), that the trespass be in a building with the intent to commit a crime therein (Penal Law, §§ 140.10, 140.20; see *People v Henderson*, 41 NY2d 233, 235). Consequently, on the present record it was impossible for a burglary to have been committed without the commission of a trespass. The People contend, however, that there is no reasonable view of the evidence which would permit a finding that defendant committed the lesser offense but not the greater. In considering this issue, the evidence must be viewed in the light most favorable to defendant (*People v Shuman*, 37 NY2d 302). The question is whether on any reasonable view of the evidence it is possible for the trier of facts to acquit the defendant on the higher count and still find him guilty on the lesser one (*People v*

*Henderson,* 41 NY2d 233, 236, *supra).* Considering the record in its entirety, we are of the view that the jury could reasonably have concluded that defendant was so intoxicated that he lacked the intent to commit a crime. Therefore, even though the Trial Judge charged the jury on intoxication as a defense to an intent crime, his refusal to charge the lesser included offense of criminal trespass after defendant's specific request was error and requires a reversal (see *People v Cook,* 51 AD2d 1072). In view of this conclusion, it is not necessary to consider the other issues raised by defendant. Judgment reversed, on the law and the facts, and a new trial ordered. Mahoney, P. J., Sweeney and Casey, JJ., concur.

Kane and Weiss, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). We are unable to agree that there is any reasonable view of the evidence which would support a finding that defendant committed the crime of criminal trespass in the third degree but did not commit the crime of burglary. Although defendant was apprehended after fleeing from the building, he was observed by an arresting officer diving out of a window from the store where the burglar alarm had been activated. He left a trail directly to the store's office where only the secretary's desk had been disturbed. Between $60 and $80 was missing from a cash bag in that desk. Defendant, from the witness stand, admitted being familiar with the store and was unable to explain the sum of $88.61 on his person at the time of his arrest. Moreover, he even admitted that his presence in the store was to obtain a battery. His defense of intoxication is unpersuasive. These facts are clearly distinguishable from those set forth in *People v Henderson* (41 NY2d 233), where there had been no entry into the building at the time of the breaking, or in *People v Cook* (51 AD2d 1072), which involved the taking or unauthorized use of a motor vehicle. Here the evidence is, in our view, overwhelming. The provisions of CPL 300.50 set forth a rule of reason. It does not permit a jury to choose some lesser offense when proof of that offense necessarily proves the greater crime as well (*People v Scarborough,* 49 NY2d 364). In the instant case, presence in the building with an admitted intent to steal and subsequent apprehension with unexplained fruits of a crime clearly establish that a jury would be required to engage in pure speculation to render a verdict of guilt in a lesser degree (*People v Discala,* 45 NY2d 38, 43). We would affirm the conviction.