■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR APONTE, Appellant.

Defendant's challenge to the sufficiency of the plea allocution is not preserved for appellate review as a matter of law (*see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636). In any event, the allocution satisfied the requirements of *People v Harris* (61 NY2d 9) and thus vacatur is not warranted (*see, People v De Santis,* 108 AD2d 821); *People v Schron,* 109 AD2d 762).

We note that during the plea proceedings, the court promised to sentence defendant to five years to life imprisonment in exchange for his guilty plea. Defendant indicated his acceptance of such a sentence and, accordingly, entered his plea of guilty. At sentencing, however, the court inexplicably sentenced defendant to a lesser term of three years to life imprisonment. All indications in the record support a conclusion that the Trial Judge merely misspoke in rendering the aforesaid sentence and that he intended defendant's sentence to be the agreed-upon term of five years to life. In fact, it is significant to note that the order of commitment dated August 12, 1983 states that defendant's sentence is a term of imprisonment of five years to life. In

view of this discrepancy, defendant's sentence is hereby vacated, and the matter is remitted to Criminal Term for resentencing (*see, People v Wright,* 56 NY2d 613). Titone, J. P., Lazer, Thompson and Rubin, JJ., concur.