■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORTIZ, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Coffinas, J.), rendered March 7, 1984, upon his conviction for attempted burglary in the second degree, on his plea of guilty.

Sentence reversed, on the law, and matter remitted to Criminal Term for resentencing.

During the plea proceedings, the court promised to sentence defendant to an indeterminate term of 2½ to 5 years' imprisonment in exchange for his guilty plea to the crime of attempted burglary in the second degree. The court repeated the terms of the promise at the outset of the sentence proceedings. When it came time to impose sentence, however, the court inexplicably sentenced defendant to a lesser term of 2 to 4 years' imprisonment. It is apparent from the record that the court may have misspoken in rendering this lesser sentence and that it may have actually intended to impose the agreed-upon sentence of 2½ to 5 years. This conclusion is borne out by the fact that both the order of commitment and an amended order of commitment state that the sentence is a term of imprisonment of 2½ to 5 years. In view of this discrepancy we cannot determine what sentence the court intended to impose and therefore defendant's sentence must be reversed and the matter remitted to Criminal Term for resentencing *(People v Wright,* 56 NY2d 613; *People v Minaya,* 54 NY2d 360, *cert denied* 455 US 1024; *People v Aponte,* 110 AD2d 901).

We would also note—although the issue is not formally presented upon this limited appeal from the sentence—that in accepting defendant's plea, the clerk of the court apparently misspoke as he asked if defendant was pleading guilty to attempted burglary in the third degree rather than attempted burglary in the second degree, as per the plea agreement. Again, the minutes and the orders of commitment otherwise reflect that defendant was convicted of attempted burglary in the second degree *(see, People v Minaya, supra).*

We have examined the other contentions raised both by defendant *pro se* and by his counsel and find them to be without merit *(see, People v Kazepis,* 101 AD2d 816; *People v Kepple,* 98 AD2d 783). Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.