■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JARVIS, JR., Appellant. [649 NYS2d 847] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 6, 1995, convicting defendant upon his plea of guilty of the crimes of rape in the third degree and sodomy in the third degree.

Defendant was charged with the crimes of rape in the second degree, sodomy in the second degree (two counts) and sexual abuse in the second degree; the female victims at the time of the offenses were ages 11 and 14. Pursuant to a plea bargain agreement, defendant pleaded guilty to the crimes of rape in the third degree and sodomy in the third degree. In exchange, the People agreed that they would ask County Court to impose a prison sentence consistent with that recommended in the

presentence report. Defendant was subsequently sentenced to two consecutive prison terms of $1^1/_3$ to 4 years.

Defendant contends that County Court abused its discretion by imposing this sentence because it is more harsh than that recommended by the People, relying upon the recommendation of the probation officer in the presentence report. We disagree. A sentencing court retains the discretionary power to impose an appropriate sentence notwithstanding the terms of a plea bargain agreement or the recommendations of a probation officer (*see, People v Andrews*, 155 AD2d 779, 780; *People v Terry*, 152 AD2d 822, 823). Given the facts presented by this case, the sentence imposed cannot be characterized as harsh and excessive. It is within the statutory guidelines and is appropriate in view of the heinous nature of defendant's crimes (*see, People v Dworakowski*, 208 AD2d 1129, 1130).

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.