◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL FERNANDEZ, Appellant. [667 NYS2d 118] —Peters, J. Appeals (1) from a judgment of the County Court of Columbia County (Leaman, J.), rendered December 11, 1995, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered April 4, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction and set aside the sentence, without a hearing.

In August 1995, defendant entered a guilty plea to two counts of criminal sale of a controlled substance in the third degree in exchange for the People's recommendation of a sentence of 4½ to 9 years' incarceration. Shortly thereafter, the Judge before whom the plea was taken recused himself. Upon his appearance before a different Judge, defendant availed himself of County Court's offer to withdraw the plea and restore the case to arraignment status despite the People's statement that the same recommended sentence would not be promised if defendant decided to plead guilty at a later date. Approximately five weeks later, he again pleaded guilty to the aforementioned two crimes with no sentencing recommendation by the People other than to seek second felony offender treatment rather than persistent felony offender treatment.

At the sentencing hearing, defendant unsuccessfully sought to withdraw the second plea on the basis of a "secret agreement" between defense counsel, the District Attorney and County Court whereby he was to receive lifetime probation in exchange for information regarding the Columbia County Drug Task Force. After the District Attorney and defense counsel denied the existence of any such agreement, defendant was sentenced as a second felony offender to two concurrent inde-

terminate terms of imprisonment of 10 to 20 years. Subsequently, defendant's CPL 440.10 motion seeking to vacate his conviction on the basis of ineffective assistance of counsel was denied and these appeals ensued.

Defendant now argues that his posttrial motion was erroneously denied and his conviction should be reversed because counsel's advice to withdraw the first plea deprived him of effective assistance. We disagree. There is no record evidence that defense counsel advised defendant to withdraw his first plea. As defendant had not received a sentencing commitment from County Court regarding the first plea, the sentencing court retained discretion to impose an appropriate sentence notwithstanding the terms of the plea agreement (*see, People v Jarvis*, 233 AD2d 632, *lv denied* 89 NY2d 943). Therefore, any advice to withdraw such plea and/or failure to ask County Court to accept the joint sentencing recommendation cannot be said to have deprived defendant of meaningful representation (*see, People v Hobot*, 84 NY2d 1021; *People v Baldi*, 54 NY2d 137).

Notably, during the plea allocution conducted before defendant entered his second plea, he affirmatively represented that he was satisfied with counsel. Before the entry of his second plea, counsel reminded defendant that he was prepared to "go ahead with the hearings and defend him". Upon further colloquy with County Court, defendant again represented that he did not want to go to trial.

At no time during the taking of the second plea, despite County Court's reminder of his sentencing exposure as a second felony offender and possibly as a persistent felony offender, did defendant indicate his expectation of a specific sentence in exchange therefor or even that he intended to cooperate with the District Attorney in the hope of a preference. Not until sentencing did defense counsel, who defendant now seeks to have branded as "ineffective", advise County Court of defendant's "conversations" with the District Attorney and his client's "understanding" that he would receive lifetime probation in exchange for his cooperation. While admitting that there were discussions concerning cooperation, the District Attorney denied offering or recommending a sentence of lifetime probation. Defense counsel admitted that while the possibility of lifetime probation was raised in conversations between himself, the District Attorney and defendant, no promise was made. Hence, upon this record we find no support for a claim of ineffective assistance of counsel (*see, People v Baldi, supra*; *People v Aiken*, 45 NY2d 394).

Finally, under the circumstances presented we find no basis to disturb the sentence imposed. Defendant, whose criminal history dates back to 1967, was sentenced within the statutory parameters as a second felony offender (*see, People v Van Nordstrand*, 238 AD2d 634; *People v Dove*, 233 AD2d 751, *lv denied* 89 NY2d 1011).

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.