■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GRENIER, Appellant. [672 NYS2d 499] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered October 22, 1996, upon a verdict convicting defendant of the crimes of assault in the second degree, leaving the scene of a personal injury accident, assault in the third degree and speed not reasonable and prudent.

Defendant was indicted in March 1996 for the crimes of assault in the second degree, reckless endangerment in the first degree, leaving the scene of a personal injury accident, vehicular assault in the second degree, driving while intoxicated, assault in the third degree, speed not reasonable and prudent and speeding. The indictment stemmed from a single-car accident which occurred in the early morning hours of November 23, 1995 in the Town of Duanesburg, Schenectady County.

The evidence adduced at the trial reveals that on November 22, 1995 defendant attended a party at Todd Baldwin's apart-

ment located in the Town of Esperance, Schoharie County. Although defendant's time of arrival and the level of his consumption of alcohol is disputed, it is undisputed that at approximately 11:30 P.M. defendant volunteered to drive to a store to purchase beer. Baldwin, Joshua Burtt and Amber Pahl rode with defendant to the store; Baldwin and Burtt were in the back seat and Pahl occupied the front passenger seat. Defendant drove to a store in Esperance which was closed and then continued on to another store in Duanesburg where defendant and Baldwin bought two 12-packs of beer. Defendant drove back to Baldwin's apartment by a different route, eventually turning onto Mudge Road. Pahl testified that defendant made the turn onto Mudge Road "real fast". Mudge Road was paved with a compact oil and stone composition and gravel shoulders, with one lane in each direction of travel; it has numerous hills and was described by one witness as a "roller coaster". There were no markings or lighting on the roadway and, at the time in question, the condition of the road was dry. There was no posted speed limit on Mudge Road; thus, the speed limit was the maximum speed limit of 55 miles per hour.

The record further reveals that while defendant was driving along Mudge Road, the vehicle spun out of control, left the road, hit a stump, became airborne, flipped over and came to rest on its roof. Burtt and Baldwin were ejected from the car. Pahl was pulled from the vehicle by defendant and placed on the ground alongside the car. Defendant testified that he was aware that Pahl was "hurt bad" and that he first sought assistance at a nearby house, but there was no response. Defendant then traveled by foot to his mother's house located a few miles from the scene of the crash. Notably, he did not call the police and did not return to the accident scene. After emergency personnel arrived, Baldwin, Burtt and Pahl were transported to a hospital in the City of Schenectady, Schenectady County. Burtt was treated for cuts to his face and wrists and Baldwin was treated for a broken jaw. Pahl suffered a traumatic injury to her back which severed her spinal cord, resulting in permanent paralysis of her legs. Defendant was driven by his sister to a hospital in the City of Albany where he was treated for a broken nose; he told hospital personnel that he was injured in a fall. Defendant then spent the remainder of the night at his sister's house in the City of Troy, Rensselaer County, until approximately 8:00 A.M., when he presented himself to the State Police in Duanesburg and made a statement.

At the trial the speed of the vehicle was disputed. Defendant's statement to police indicated that he did not know how fast he

was driving; however, he testified that he was driving no faster than 45 miles per hour. Defendant's accident reconstruction expert, John Serth, testified that his speed was approximately 30 miles per hour. State Police Sergeant Daniel Bates, an accident reconstruction expert for the People, testified that the speed of the vehicle was approximately 76 miles per hour. Defendant was convicted of the crimes of assault in the second degree, leaving the scene of a personal injury accident, assault in the third degree and speed not reasonable and prudent. Defendant was sentenced to concurrent terms of imprisonment, as follows: 3 to 6 years for assault in the second degree, 1⅓ to 4 years for leaving the scene of a personal injury accident, 90 days in jail for assault in the third degree, and a fine of $100 for speed not reasonable and prudent. Defendant appeals.

We affirm. Initially, we reject defendant's contention that the evidence presented at the trial was insufficient to support convictions of assault in the second and third degree. Evidence will be considered legally sufficient if there is " 'any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged' " (*People v Carey*, 241 AD2d 748, 750, *lv denied* 90 NY2d 1010, quoting *People v Bleakley*, 69 NY2d 490, 495). In determining whether a verdict is supported by sufficient evidence, the proof must be viewed in the light most favorable to the prosecution (*see, People v Thompson*, 72 NY2d 410, 413; *People v Allah*, 71 NY2d 830, 831; *People v Contes*, 60 NY2d 620, 621). In order to support a conviction on a charge of "reckless" assault in the second degree (Penal Law § 120.05 [4]), the prosecution was required to prove beyond a reasonable doubt that defendant "recklessly caus[ed] serious physical injury to another person by means of a deadly weapon or dangerous instrument" (Penal Law § 120.05 [4]). Likewise, to prove a "reckless" assault in the third degree (Penal Law § 120.00 [2]), the prosecution must similarly establish that defendant "recklessly caus[ed] physical injury to another person" (Penal Law § 120.00 [2]). A person acts recklessly when he or she "is aware of and consciously disregards a substantial and unjustifiable risk" (Penal Law § 15.05 [3]). "The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]; *see, Allstate Ins. Co. v Zuk*, 78 NY2d 41; *People v Moquin*, 142 AD2d 347, *revd on other grounds* 77 NY2d 449).

Here, testimony was presented that defendant had been

drinking as many as seven cans of beer prior to the accident and that he participated in a drinking game known as "3 Man", the object of which was to become intoxicated more quickly. Bates described the road's contour as a "roller coaster" and estimated the vehicle's speed to have been approximately 76 miles per hour at the time of the crash. Defendant testified that he had traveled Mudge Road at least 20 times prior to the accident, and acknowledged that the road had a number of hills and valleys. Furthermore, defendant admitted that Mudge Road was not the most direct route back to Baldwin's apartment and, in fact, was miles out of the way. Although the speed of the vehicle and the amount of alcohol consumed was disputed, viewing the evidence in the light most favorable to the prosecution the jury could conclude beyond a reasonable doubt that defendant consciously disregarded a substantial and unjustifiable risk (*see*, Penal Law § 15.05 [3]). The jury was clearly presented with evidence that, in addition to excessive speed and beer drinking, defendant exposed his passengers to a hilly, unlit and difficult roadway (*see*, *People v Acton*, 149 AD2d 839). In our view, legally sufficient evidence was presented to establish that defendant's conduct was reckless (*see*, *People v Schaffer*, 80 AD2d 865, 866-867). Moreover, upon the exercise of our factual review power, we are also satisfied that the verdict is not against the weight of the evidence (*see*, *People v Carthrens*, 171 AD2d 387).

Next, we reject defendant's contention that County Court erred in allowing the jury to view the accident scene. A trial court may permit a jury to view the place where an offense was allegedly committed if the court determines that such viewing would be helpful to the jury in resolving an issue of material fact (*see*, CPL 270.50). The decision whether to permit the jury to view a crime scene rests within the sound discretion of the trial court (*see*, *People v Young*, 225 AD2d 1066, *lv denied* 88 NY2d 1026; *People v Postell*, 217 AD2d 669, *lv denied* 87 NY2d 906). Here, County Court, over the objection of defense counsel, permitted the jury to view the portion of the road where the crash occurred. The purpose for the visit was to allow the jury to see the contour of the roadway, and the court carefully instructed the jury as· to the limited purpose of the visit. Clearly, the contour of Mudge Road was material to the case, as it affected the issue of whether defendant's conduct on the night of the accident was reckless (*see*, Penal Law § 15.05 [3]; § 120.00 [2]; § 120.05 [4]). Although the season and the lighting conditions had changed, the contour of the road itself was the same as it had been on the night of the accident, and the court took sufficient precautions to ensure that any changes would not cause prejudice to defendant.

Finally, we reject defendant's contention that his sentence was unduly harsh. It is well settled that sentencing determinations are within the sound discretion of the trial court (*see, People v Jarvis*, 233 AD2d 632, *lv denied* 89 NY2d 943). Absent extraordinary circumstances, this Court has refused to interfere with the discretion of a sentencing court (*see, People v Hearn*, 248 AD2d 889; *People v Fitzgerald*, 239 AD2d 711; *People v Jarvis, supra*; *People v Simoens*, 159 AD2d 818, *lv denied* 76 NY2d 743). Here, defendant's sentence was within the statutory guidelines (*see*, Penal Law § 70.00). The record also reveals that County Court took into consideration the presentence report, which the court observed as "very positive", and the many supportive letters submitted on defendant's behalf. County Court balanced these factors against the seriousness of the offense and the grave injury that resulted, and concluded that despite the numerous positive factors, a "substantial period of imprisonment" was warranted under the circumstances. In our view, the court considered the appropriate factors (*see, People v Farrar*, 52 NY2d 302) and the resulting sentence was not an abuse of its broad discretion (*see, People v Jarvis, supra*).

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.