■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AYYUB A. SHAHID, Appellant. [691 NYS2d 591] —Graffeo, J. Appeals from a judgment of the County Court of Broome County (Smith, J.), rendered March 2, 1998, (1) upon a verdict convicting defendant of two counts of the crime of robbery in the second degree, and (2) convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant was charged with one count of robbery in the second degree involving a doughnut shop and two counts of robbery in the second degree pertaining to the robbery of a taxicab driver. Defendant pleaded guilty to robbery in the second degree in satisfaction of the charge related to the doughnut shop and proceeded to trial in connection with the

other incident. After a jury trial, defendant was convicted of two counts of robbery in the second degree and County Court imposed concurrent prison sentences of 6 to 12 years on each of the two robbery counts. With respect to defendant's guilty plea, he was sentenced to 6 to 12 years, to run consecutively with the other convictions. Defendant now appeals from both convictions.

Defendant initially claims, and the People concede, that the sentence imposed in connection with the plea was inconsistent with the terms of the plea agreement pertaining to the doughnut shop robbery. During the plea colloquy, County Court indicated that it would sentence defendant to a term of 5 to 10 years if he pleaded guilty to the crime of robbery in the second degree. Although a sentencing court is not bound to impose a sentence in accordance with the People's recommendation (*see, People v Jarvis*, 233 AD2d 632, *lv denied* 89 NY2d 943), the plea must be vacated where defendant did not receive the sentence commitment upon which the plea was expressly predicated (*see, People v Clark*, 45 NY2d 432, 440; *People v Santana*, 163 AD2d 495, *affd on other grounds* 78 NY2d 1027; *compare, People v Fernandez*, 245 AD2d 960, *lv denied* 91 NY2d 972).

Here, it is apparent that defendant's guilty plea was based on an agreement with the prosecution and a commitment from County Court to impose a sentence of 5 to 10 years. A review of the record does not reveal a reason or explanation for the court's imposition of the longer sentence and, therefore, it appears to have been an oversight, especially in view of the court's reference to the agreed-upon sentence several times during the plea colloquy. Under these circumstances, we conclude that defendant should have been sentenced to a term of imprisonment of 5 to 10 years and, accordingly, this matter shall be remitted to County Court for resentencing (*see, People v Paris*, 127 AD2d 707; *People v Ortiz*, 116 AD2d 598, *lv denied* 67 NY2d 948).

Defendant's contention that imposition of the sentences were harsh and excessive is without merit. A review of the sentencing transcript indicates that County Court considered the relevant factors (*see, People v Farrar*, 52 NY2d 302, 305) prior to imposing terms of imprisonment which were consistent with the crimes for which defendant was convicted (*see, People v Moneyhan*, 248 AD2d 756, 757, *lv denied* 91 NY2d 1010). The fact that the codefendant received a lesser sentence of 3 to 6 years in relation to the doughnut shop robbery is unavailing in light of defendant's plea which significantly reduced his potential sentencing exposure, as well as defendant's criminal

history and the nature of the crime (*see, People v Durrence*, 244 AD2d 728, 729, *lv denied* 91 NY2d 925; *People v Revels*, 191 AD2d 905).

Lastly, defendant's assertion that County Court improperly refused to issue a missing witness charge at his trial is also unavailing. The witness's potential testimony would merely have been cumulative and, as such, County Court properly refused to issue the charge (*see, People v Trichilo [Sweet, Kosiba]*, 230 AD2d 926, 928-929, *lvs denied* 89 NY2d 925, 930, 931).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as sentenced defendant in connection with defendant's conviction upon a plea of guilty of the crime of robbery in the second degree; matter remitted to the County Court of Broome County for resentencing on said charge; and, as so modified, affirmed.