(November 24, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE J. BURDICK, Appellant. [699 NYS2d 173] —Peters, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered April 6, 1998, upon a verdict convicting defendant of the crime of driving while intoxicated and violations of speeding, refusal to submit to a chemical test, failure to use a safety belt and unlawful possession of marihuana.

On May 31, 1997, while on patrol in a marked police vehicle, State Troopers Brian Di Lorenzo and James Gregory observed an automobile traveling above the posted rate of speed cross the center line of the road several times. After following the vehicle and obtaining a "pace" indicating that its speed was approximately 75 miles per hour, Di Lorenzo activated the overhead lights. Defendant's vehicle swerved to the right, overcorrected, swerved to the left and then spun off the road into a field. Both Di Lorenzo and Gregory approached the vehicle. Since Gregory was a trainee, Di Lorenzo advised him to approach the passenger's side while he approached the driver's side. After advising defendant to step out of the vehicle, Di

Lorenzo observed that he was not wearing a seat belt, was glassy eyed, unsteady on his feet and emitting a strong odor of an alcoholic beverage. Upon his pat frisk, a small bag of marihuana and a marihuana pipe was found. Defendant was thereafter taken into police custody and transported to the barracks. After submitting to and failing field sobriety tests, he refused to submit to an alcohol prescreening or breathalyzer test.

On November 17, 1997, defendant was indicted and charged with the crimes of driving while intoxicated, aggravated unlicenced operation of a motor vehicle and with the violations of failure to keep right, speeding, refusal to submit to a chemical test, failure to use a safety belt and unlawful possession of marihuana. At trial only two witnesses testified; the prosecution presented the testimony of Di Lorenzo while defendant presented that of Ralph Ridgeway, a mechanical engineer.

County Court dismissed the violation of failing to keep right. Following the close of defendant's case, the court conducted a charge conference wherein defendant's request for a missing witness charge pertaining to Gregory was rejected. It further denied defense counsel's motion for a mistrial predicated, in part, on the court's propounding of questions to the defense expert. After the charge was completed, defense counsel posed no exceptions or requests, despite specific query by County Court. Defendant was found guilty on the counts of driving while intoxicated, aggravated unlicenced operation, speeding, refusal to submit to a chemical test, failure to use a safety belt and unlawful possession of marihuana.[1] Defendant appeals.

In assessing whether the trial evidence was legally sufficient to establish defendant's guilt, we find, considering the proof in a light most favorable to the prosecution (*see*, *People v Grenier*, 250 AD2d 874, *lv denied* 92 NY2d 898), a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495, *lv denied after remand* 72 NY2d 856). The results of the field sobriety tests administered by Di Lorenzo, coupled with his description of defendant's demeanor at the time of the incident, supported a conviction on a charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). His further testimony that defendant refused to submit to a chemical test, despite being warned of

1. Subsequently, County Court dismissed the count of aggravated unlicenced operation of a motor vehicle.

the consequences of his failure to do so, as well as his personal observations of defendant when he first approached the vehicle sufficiently supported the verdict convicting defendant of both a refusal to submit to a chemical test (Vehicle and Traffic Law § 1194 [2]) and the charge of failure to use a safety belt (*see,* Vehicle and Traffic Law § 1229-c [3]).

We similarly reject any challenge to the sufficiency of evidence propounded to establish that defendant unlawfully possessed marihuana in violation of Penal Law § 221.05 since Di Lorenzo testified that he found 10 grams of marihuana and a marihuana pipe in defendant's pocket when he frisked him. Nor is the challenge to the speeding violation viable despite testimony presented by both the prosecution and the defense. While defense expert testimony attempted to refute Di Lorenzo's contention that defendant was traveling at 75 miles per hour, Di Lorenzo's testimony was nonetheless legally sufficient to have established, at a minimum, that defendant was traveling in excess of the posted rate of speed.

Our weight of the evidence review concerning each of the crimes and violations fails to yield a different result. As our dispositive analysis is broader here than when considering legal sufficiency, assessing the limited defense testimony and the other credible evidence presented, we find that a different result would not have been reasonable. Even as to the speeding charge, where extensive defense testimony was presented, we have weighed "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People ex rel. MacCracken v Miller,* 291 NY 55, 62) and conclude that the trier of fact has not failed to give the evidence the weight it should be accorded (*see, People v Grenier,* 250 AD2d 874, *supra*).

Turning to the denial of the request to include a missing witness charge, counsel's failure to take exception to that ruling or renew the request at the conclusion of the charge to the jury, despite being asked by the court, constitutes, in our view, a failure to preserve the issue for review (*see,* CPL 470.05 [2]; *People v Geraci,* 254 AD2d 522; *People v Lauderdale,* 243 AD2d 760, *lv denied* 91 NY2d 875). We reach a similar conclusion with respect to defendant's motion for a mistrial since no timely objections (*see, People v Gray,* 86 NY2d 10, *lv denied after remand* 86 NY2d 842) were raised by counsel[2] upon County Court's questioning of the defense expert. Concluding that neither of these unpreserved issues warrant reversal in the inter-

---

2. It was not until an appearance in County Court on the following day that these concerns were first raised.

est of justice, we affirm the judgment of conviction in its entirety.

Mikoll, J. P., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed.