People v Lavalley (2018 NY Slip Op 01223)





People v Lavalley


2018 NY Slip Op 01223


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

108709

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHAWN M. LAVALLEY, Appellant.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Mark Schneider, Plattsburgh, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (James E. Martineau Jr. of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered August 17, 2016, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree.
On a clear day in December 2014, defendant was hunting alone with a shotgun despite being barred from possessing one due to his prior criminal history. He shot at an animal in the woods that turned out to be another hunter, and the victim was struck and seriously injured. As a result of the incident, defendant was charged in an indictment with assault in the second degree and criminal possession of a weapon in the fourth degree. Defendant was convicted as charged following a jury trial, and County Court sentenced him to an aggregate prison term of seven
years to be followed by postrelease supervision of three years. Defendant now appeals, focusing upon his conviction for assault in the second degree.
While there is no dispute that defendant shot and seriously injured the victim, defendant argues that the trial evidence was legally insufficient to support a finding that he "recklessly cause[d] serious physical injury" in order to support a conviction for assault in the second degree (Penal Law § 120.05 [4]). In order to assess whether the proof is legally sufficient, we will view the trial evidence in the light most favorable to the People and ask whether a valid line of reasoning exists from which a rational jury could find that the elements of the crime were established beyond a reasonable doubt (see People v Flanagan, 28 NY3d 644, 656 [2017]; People v Denson, 26 NY3d 179, 188 [2015]). A person behaves in a criminally reckless manner when he or she "is aware of and consciously disregards a substantial and unjustifiable risk of a result, [*2]where the risk is of such a nature and degree that to disregard it constitutes a gross deviation from the standard of conduct of a reasonable person" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 46 [1991]; see Penal Law § 15.05 [3]; People v Jorgensen, 26 NY3d 85, 90 [2015]; People v Montanez, 41 NY2d 53, 56 [1976]).
In that regard, a hunting safety instructor testified that mistaking a person for game is the most common cause of hunting mishaps and that defendant was made aware of that risk during a required safety course for hunters in which it was stressed that a hunter must be "100 percent sure of [the] target" before opening fire. Defendant had additionally spoken to the renter of the property to obtain permission to hunt and, in so doing, learned that the victim was permitted to hunt there. The People further submitted into evidence photographs of the scene, and the photographer testified that he had stood in defendant's position and was able to recognize a person in the victim's location as a human being. Defendant's own statements to investigators reveal a lack of effort to confirm his belief that he was observing an antlered male deer that he was entitled to shoot, as he heard something moving, watched a "large brown thing" move through the trees and then opened fire.
The jury could rationally find from the foregoing that defendant was aware that he would create a substantial and unjustifiable risk of serious physical injury to others in general and the victim in particular if he opened fire without being sure of his target. The jury could further determine that he consciously disregarded that risk when he shot at an animal without adequate efforts to identify it and, in so doing, acted with "the kind of seriously blameworthy carelessness whose seriousness would be apparent to anyone who shares the community's general sense of right and wrong" (People v Asaro, 21 NY3d 677, 685 [2013] [internal quotation marks and citations omitted]; accord People v Briskin, 125 AD3d 1113, 1119 [2015], lv denied 25 NY3d 1069 [2015]). The conviction for second-degree assault is therefore supported by legally sufficient proof (see People v Cruciani, 36 NY2d 304, 305-306 [1975]; People v George, 43 AD3d 560, 563-564 [2007], affd 11 NY3d 848 [2008]; People v Grenier, 250 AD2d 874, 876-877 [1998], lv denied 92 NY2d 898 [1998]).[FN1]
Defendant next contends that County Court erred in refusing his request to charge the lesser included offense of assault in the third degree (see Penal Law § 120.00 [3]) and, contrary to the People's suggestion, his request preserved the issue for our review (see CPL 470.05 [2]). When a defendant requests that a lesser included offense be submitted to the jury, the charge must be given "if (1) 'it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct' and (2) 'there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater'" (People v Ryan, 55 AD3d 960, 963 [2008], quoting People v Van Norstrand, 85 NY2d 131, 135 [1995]; see CPL 1.20 [37]; 300.50 [1], [2]; People v Rivera, 23 NY3d 112, 120-121 [2014]). Assault in the third degree as defined by Penal Law § 120.00 (3) is quite similar to assault in the second degree as defined by Penal Law § 120.05 (4), differing only in that a defendant act out of criminal negligence and inflict physical injury rather than serious physical injury (compare Penal Law § 120.00 [3], with Penal Law § 120.05 [4]). Neither difference creates a scenario where a [*3]defendant may commit the greater offense without committing the lesser, as negligence is subsumed within the "higher or more culpable" mental state of recklessness (People v Montanez, 41 NY2d at 56; see People v Green, 56 NY2d 427, 433 [1982]) and "'[s]erious physical injury' denotes a degree of physical injury, not a separate, distinguishable type of harm" (People v Leonardo, 89 AD2d 214, 217 n 1 [1982], affd 60 NY2d 683 [1983]). As such, assault in the third degree is a lesser included offense of assault in the second degree (see CPL 1.20 [37]; People v Randolph, 81 NY2d 868, 869 [1993]; People v Ryan, 55 AD3d at 963-964; People v Baker, 4 AD3d 606, 612 [2004], lvs denied 2 NY3d 795 [2004]).
As for whether a reasonable view of the evidence would support a finding that defendant committed the lesser offense but not the greater, County Court found that it would not because the victim — who was shot in the hand and abdomen, would have died without treatment and required surgery, hospitalization and physical therapy to recover — indisputably sustained serious physical injuries (see People v Luck, 294 AD2d 618, 620 [2002], lv denied 98 NY2d 699 [2002]; People v Burnett, 270 AD2d 901, 902 [2000], lv denied 95 NY2d 851 [2000]). We agree that the victim's injuries were serious but, inasmuch as assault in the third degree also demands a different mental state on the part of defendant, the lack of question as to the victim's injuries would only warrant rejecting a request to charge assault in the third degree "if . . . no difference in mens rea [was] legitimately in issue[]" (Richard A. Greenberg et al., New York Criminal Law § 5:18 [4th ed 6 West's NY Prac Series 2016]; cf. People v Vasquez, 25 AD3d 465, 466 [2006] [the defendant indisputably intended to, and did, cause serious physical injury to the victim so as to defeat request for lesser included offense], lv denied 6 NY3d 354 [2006]; People v Luck, 294 AD2d at 620; People v Eagleston, 194 AD2d 623, 623 [1993]).
Defendant argued that the jury could reasonably find from the trial proof that he did not act recklessly so as to commit assault in the second degree (see Penal Law § 120.05 [4]), but did behave negligently so as to commit assault in the third degree (see Penal Law § 120.00 [3]). Recklessness and criminal negligence are achingly close to one another; a reckless defendant "perceives the risk, but consciously disregards it," while a criminally negligent defendant "negligently fails to perceive the risk" altogether (People v Stanfield, 36 NY2d 467, 470 [1975]; see Penal Law § 15.05 [3], [4]; People v Licitra, 47 NY2d 554, 558 [1979]; People v Montanez, 41 NY2d at 56). A jury distinguishes between the two by considering "the evidence . . . relating to the mental state of the defendant at the time of the crime" (People v Strong, 37 NY2d 568, 570 [1975]; see People v Davis, 142 AD2d 791, 792 [1988]).
In that regard, defendant knew that the victim had permission to hunt on the property where the shooting occurred, but also told investigators that he had seen no sign of the victim or anyone else in the three weeks that he had been hunting in the area. The victim confirmed that the area was not frequented by hunters, testifying that he had never seen another person in the 30 years that he had hunted there and saw human tracks for the first time the week before he was shot. There was no proof that defendant recalled the advice given at a hunting safety class, which he took 20 years prior, to be certain of his target before opening fire. Even if he did, however, he told investigators that he opened fire after hearing what he thought were deer horns rubbing against branches and watched what he thought was a deer but was, in reality, the stooped-over victim in a camouflage jacket. Viewing this evidence in the light most favorable to defendant (see People v Rivera, 23 NY3d at 120-121; People v Martin, 59 NY2d 704, 705 [1983]), the jury could have reasonably found that defendant did not disregard, but instead failed to perceive, an unjustifiable risk of injury to the victim when he opened fire without sufficient observation (see People v Penrose, 146 AD2d 947, 947-948 [1989], lv denied 74 NY2d 850 [1989]; People v Williams, 70 AD2d 957, 957 [1979], affd 50 NY2d 1043 [1980]). County Court therefore erred in refusing to charge the lesser included offense of assault in the third degree, and that failure [*4]warrants reversal of the conviction for assault in the second degree as charged in count 1 of the indictment and remittal for a new trial on that count (see People v Martin, 86 AD2d 920, 921 [1982], affd 59 NY2d 704 [1983]).
In light of a new trial being required on the second-degree assault count alone, defendant's remaining claims are academic. For purposes of the retrial, we do briefly comment upon defendant's unpreserved challenge to the admission of photographs taken at the scene on the day after the shooting occurred. The photographs were probative in that they documented the scene and, to the extent one of the photographs might have misled the jury as to what defendant was able to see from his vantage point, County Court ameliorated any prejudice through a limiting instruction. Thus, we discern no abuse of discretion in their admission (see People v Wood, 79 NY2d 958, 960 [1992]; People v Thibeault, 73 AD3d 1237, 1243 [2010], lv denied 15 NY3d 810 [2010], cert denied 562 US 1293 [2011]).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of assault in the second degree under count 1 of the indictment and vacating the sentence imposed thereon; matter remitted to the County Court of Essex County for a new trial on said count; and, as so modified, affirmed.



Footnotes

Footnote 1: To the extent that defendant requests that this Court conduct a weight of the evidence review, after according "[g]reat deference" to the jury's assessment of credibility, we cannot say "that the trier of fact . . . failed to give the evidence the weight it should be accorded" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Grenier, 250 AD2d at 877).