People v Akins (2025 NY Slip Op 04122)

People v Akins

2025 NY Slip Op 04122

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

112254
[*1]The People of the State of New York, Respondent,
v
Delaney E. Akins, Appellant.

Calendar Date:May 27, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Michael J. Poulin, District Attorney, Johnstown (Chelsea G. Jory of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Fulton County (Polly Hoye, J.), rendered July 16, 2019, upon a verdict convicting defendant of the crimes of kidnapping in the first degree, assault in the first degree (two counts) and aggravated sexual abuse in the third degree.
On November 2, 2018, defendant was charged by indictment with kidnapping in the first degree (count 1), two counts of assault in the first degree (counts 2 and 3), assault in the second degree (count 4) and aggravated sexual abuse in the third degree (count 5). The indictment accused defendant of abducting the victim, restraining him and torturing him in a building in the City of Gloversville, Fulton County. The matter proceeded to a jury trial, at the conclusion of which defendant was found guilty of counts 1, 2, 3 and 5.[FN1] He was subsequently sentenced, as a second violent felony offender, to a prison term of 20 years to life for count 1, two prison terms of 20 years, to be followed by five years of postrelease supervision, for counts 2 and 3 and a prison term of seven years, to be followed by five years of postrelease supervision, for count 5. County Court ordered all sentences to run concurrently. Defendant appeals.
First, defendant claims that his conviction of kidnapping in the first degree is unsupported by legally sufficient evidence and is against the weight of the evidence because the proof did not establish the durational element of that crime. A person is guilty of kidnapping in the first degree when, as relevant here, he or she "abducts another person and . . . restrains th[at] person . . . for a period of more than [12] hours with intent to . . . [i]nflict physical injury upon him [or her] or violate or abuse him [or her] sexually" (Penal Law § 135.25 [2] [a] [emphasis added]; see People v Cassidy, 40 NY2d 763, 766 [1976]; People v Cirillo, 200 AD2d 854, 855 [3d Dept 1994], lv denied 83 NY2d 850 [1994]).
According to the trial evidence, the building where the charged crimes occurred was a former leather mill comprised of three stories and a basement. The second floor had been converted to two apartments, one of which was occupied by the owner of the building and his girlfriend. The building was known as a "party house" where people came and went, sometimes staying for days at a time, to use drugs.
The victim, a friend of the girlfriend, testified as follows. On the afternoon of Wednesday, August 15, 2018, he walked to the building and proceeded upstairs to the second floor to visit the girlfriend. The victim spoke to her and then took a nap on her couch for about an hour. The girlfriend awakened him and, at her request, the victim moved to a couch on the vacant first floor of the building and took another nap. At some point thereafter, defendant — who, like the victim, was a friend of the girlfriend and an occasional visitor — woke the victim and accused him of stealing his heroin. By this point, it was nighttime. Defendant then lured the victim to the basement[*2], whereupon he hit the victim on the head, knocking him unconscious. When the victim awoke, his wrists and ankles were tied with rope. Defendant proceeded to punch, kick, stomp, burn and sexually assault the victim. The victim testified that this attack lasted for "[a] couple days" while he lay on a mattress in the basement, drifting in and out of consciousness. On Friday morning, the owner discovered the victim in the basement, cut the ropes restraining him and brought him upstairs, where the victim stayed for several days before leaving and going to the hospital. The victim was hospitalized for a month with numerous injuries, including broken vertebrae and ribs, and required facial reconstructive surgery due to the number of bones that were fractured in his face.
The owner also gave testimony concerning the timeline of events. He indicated that defendant did not show up at the residence until a day or two after the victim had arrived. In addition, the victim was not in the basement on Thursday morning when the owner checked the basement sprinkler system in accordance with his usual twice-daily practice. Upon returning home from work at approximately 5:30 or 6:00 p.m. on Thursday evening, the owner observed the victim in the apartment smoking crack. At around 8:00 or 8:30 a.m. on the following morning — Friday — the owner discovered the victim lying in the basement and cut him loose from his restraints. Upon further questioning, the owner admitted that he would sometimes forget to check the basement, and at one point he mentioned that it could have been Wednesday or Thursday when he saw the victim in the apartment once he got home from work.
Viewing the aforementioned evidence in the light most favorable to the People, there is "a valid line of reasoning and permissible inferences which could lead a rational person to conclude" that the victim was restrained for more than 12 hours, rendering the proof in support of count 1 legally sufficient (People v Lorenz, 211 AD3d 1109, 1110 [3d Dept 2022], lv denied 39 NY3d 1112 [2023]; see People v White, 231 AD3d 1429, 1432 [3d Dept 2024], lv denied 42 NY3d 1082 [2025]). As indicated, the victim testified that he went down to the basement on Wednesday night and was restrained for a couple days before ultimately being found on Friday morning.
Regarding the weight of the evidence, an acquittal on this count — based upon a finding that the victim was restrained for not more than 12 hours — would not have been unreasonable had the jury credited defendant's timeline. In that regard, it was defendant's position that the trial evidence revealed that the incident described by the victim did not take place until Thursday night, such that the victim had not been restrained for the requisite number of hours when he was located and freed. In support of such a claim, defendant cites to the owner's testimony that the victim was not in the basement on Thursday morning and indeed was in the second-floor apartment smoking [*3]crack on Thursday evening. Defendant couples that evidence with the victim's testimony that on the day that the ordeal began, the victim napped in the apartment and then went downstairs to the first floor and napped again, until he was awakened by defendant, at which point it was nighttime. Putting this evidence together, defendant argues that the victim did not descend to the basement until Thursday night, less than 12 hours before he was discovered on Friday morning. However, recognizing that the owner also expressed some uncertainty concerning the timeline that he was providing, the jury was free to credit the victim's version of events over that being proffered by defendant. Thus, deferring to the jury's credibility determinations and considering the evidence in a neutral light, we conclude that the verdict is supported by the weight of the evidence (see People v White, 231 AD3d at 1432; People v Heidrich, 226 AD3d 1096, 1097-1098 [3d Dept 2024], lv denied 42 NY3d 927 [2024]; People v Place, 152 AD3d 976, 979 [3d Dept 2017], lv denied 30 NY3d 1063 [2017]).
Next, defendant argues that County Court erred in refusing to submit to the jury the charge of unlawful imprisonment in the second degree (see Penal Law § 135.05) as a lesser included offense of count 1.[FN2] "A defendant is entitled to a lesser included offense charge upon request when (1) it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Oates, 222 AD3d 1271, 1274 [3d Dept 2023] [internal quotation marks and citations omitted]; see CPL 300.50 [1]; People v Heide, 84 NY2d 943, 944 [1994]; People v Glover, 57 NY2d 61, 63 [1982]; People v Thaxton, 222 AD3d 1175, 1178-1179 [3d Dept 2023], lv denied 42 NY3d 927 [2024]). Inasmuch as there is no dispute regarding the first prong, we turn our focus to the second. In so doing, "we must view the evidence in the light most favorable to the defendant" (People v Oates, 222 AD3d at 1274-1275 [internal quotation marks and citation omitted]; see People v Sipp, 33 NY3d 1119, 1120 [2019]). "It is only where there is no possible view of the facts by which the jury could find [the defendant guilty of] a lesser [included offense] that [a] refusal [to submit that offense] is justified" (People v Martin, 86 AD2d 920, 920 [3d Dept 1982] [citation omitted], affd 59 NY2d 704 [1983]). In light of the evidence relied upon by defendant, as summarized in our above weight of the evidence analysis, we agree with defendant that there is a reasonable view of the evidence that he committed the lesser offense by restraining the victim, but not for more than 12 hours as required to commit the greater offense. As a result, County Court's failure to charge unlawful imprisonment in the second degree as a lesser included offense requires reversal of the conviction for [*4]kidnapping in the first degree as charged in count 1 and remittal for a new trial on that count (see People v Lavalley, 158 AD3d 993, 997 [3d Dept 2018]).
Finally, we reject defendant's claim that his sentences on counts 2, 3 and 5 are harsh and excessive. Given the brutality of his crimes, together with his failure to accept responsibility and his extensive criminal history, we decline to disturb the sentences imposed (see People v Dorvil, 234 AD3d 1106, 1117 [3d Dept 2025]).
Egan Jr., J.P., Aarons, Pritzker and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of kidnapping in the first degree under count 1 of the indictment and vacating the sentence imposed thereon; matter remitted to the County Court of Fulton County for a new trial on said count; and, as so modified, affirmed.

Footnotes

Footnote 1: Count 4 was submitted as a lesser included offense of count 3. Given that defendant was convicted of count 3, the jury did not reach count 4.

Footnote 2: On appeal, defendant no longer argues that unlawful imprisonment in the first degree should have been submitted as a lesser included offense.