OPINION OF THE COURT
 

 Memorandum.
 

 The order of the County Court should be affirmed.
 

 Defendant was convicted in Syracuse City Court of patronizing a prostitute in the fourth degree (Penal Law § 230.03). County Court, Onondaga County, affirmed the conviction. Defendant’s principal argument on appeal to this Court is that it was reversible error for the Trial Judge to deny his request for a jury charge on the affirmative defense of entrapment (Penal Law § 40.05). We affirm, finding no evidentiary basis on this record to warrant the requested instruction.
 

 A trial court must charge entrapment on a defendant’s
 
 *871
 
 request where the evidence adduced at trial, when viewed in the light most favorable to the defendant, reasonably and sufficiently supports the defense
 
 (see, People v Butts,
 
 72 NY2d 746, 748-750;
 
 People v Watts,
 
 57 NY2d 299, 301). Defendant bore the burden of establishing entrapment by a preponderance of the evidence (Penal Law § 25.00 [2]), that is, to demonstrate that: (1) he was actively induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a "substantial risk” that the offense would be committed by defendant who was not otherwise disposed to commit it (Penal Law § 40.05;
 
 People v Butts, supra,
 
 at 750-751;
 
 People v Alwadish,
 
 67 NY2d 973, 974).
 

 There was trial testimony adduced by the People that at approximately 10:45 p.m. on May 22, 1991 a male undercover police sergeant dressed as a female was standing near a street corner in the City of Syracuse when defendant pulled over to the adjacent curb in front of him. The undercover officer testified that he approached the front passenger window of the car and asked defendant if he was looking for a date; defendant said he was; the officer asked defendant how much he was spending; defendant said "20 or 25”; the officer asked defendant if he wanted oral sodomy for 25, and defendant said yes. He directed defendant to drive around the corner, which defendant did, and back-up police units arrested him. An undercover police lieutenant positioned in a nearby unmarked surveillance vehicle overheard the conversation and corroborated its contents. The undercover officers and the defendant agreed that the conversation lasted approximately 15 to 30 seconds.
 

 By contrast, defendant testified that while driving to pick up food he stopped at a stop sign at the intersection in question, where a man dressed as a woman approached his vehicle, asked him what he was looking for, and offered to perform oral sodomy for money. Defendant testified he did not respond to the offer. He denied ever agreeing to exchange money for sex or voluntarily pulling over when he turned the corner.
 

 Under no reasonable view of this evidence could a jury have found that the statutory requirements of an entrapment affirmative defense were satisfied. Defendant’s testimony denying that he committed the proscribed conduct does not alone support or defeat the requested charge
 
 (see, People v Butts, supra,
 
 at 748-750;
 
 Mathews v United States,
 
 485 US 58, 62). The testimony of the undercover officers demonstrates that
 
 *872
 
 they merely afforded defendant an opportunity to commit the offense, which standing alone is insufficient to warrant an entrapment charge
 
 (see,
 
 Penal Law § 40.05;
 
 People v Thompson,
 
 47 NY2d 940, 941;
 
 see also, Mathews v United States, supra,
 
 at 66). Merely asking a defendant to commit a crime is not such inducement or encouragement as to constitute entrapment.
 

 Defendant’s remaining contentions are without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur; Judge Hancock, Jr., taking no part.
 

 Order affirmed, in a memorandum.