(November 27, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. SMYTH, Appellant. [650 NYS2d 821] —Carpinello, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered June 4, 1993, upon a verdict convicting defendant of the crime of conspiracy in the second degree, and (2) by permission, from an order of said court, entered June 28, 1993, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Defendant was convicted of the crime of conspiracy in the second degree and was sentenced to a term of $8^1/_3$ to 25 years in prison. Defendant's conviction resulted from his efforts to hire someone to murder his estranged wife in October 1992. On October 10, 1992, defendant telephoned a friend, Thomas Mallon, and told him that he wanted to find someone to kill his wife. Following this conversation, Mallon contacted the State Police, who advised Mallon to contact them again if defendant persisted, to question defendant as to whether he was serious, and to represent to defendant that he was attempting to find someone to carry out the murder.

Mallon independently attached a recording device to his telephone and recorded several subsequent telephone conversations regarding defendant's plans. In cooperation with the police, who were monitoring the conversation, defendant and Mallon met in a bar and Mallon told defendant where and when he could meet the killer. Defendant subsequently drove to a rest stop on Interstate Route 81 and met with a police investigator posing as the killer. Defendant provided a picture of his wife and, after leaving to withdraw the sum of $1,000 from an automatic teller machine, gave it to the investigator as a down payment. These conversations were also recorded by the police. On Sunday, October 18, 1992, the investigator advised defendant that he had killed defendant's wife. Defendant met with the investigator later that day in order to pay him an additional $1,000. After the payment was made, defendant was arrested. Defendant appeals from his judgment of conviction and additionally from an order denying a motion pursuant to CPL 440.20 to set aside his sentence.

Defendant claims that County Court erred in failing to charge the jury on entrapment. The trial court must give a charge on entrapment when the evidence, viewed in the light most favorable to the defendant, sufficiently supports the charge (*see, People v Brown*, 82 NY2d 869, 870; *People v Butts*, 72 NY2d 746, 750). However, the rule is that the jury must be instructed on this defense only if it is supported by a reasonable view of the evidence, "not by *any* view of the evidence, however artificial or irrational" (*People v Butts, supra*, at 750 [emphasis supplied]; *see, People v Watts*, 57 NY2d 299, 301). Defendant had the burden of establishing, by a preponderance of the evidence, that (1) he was actively induced or encouraged to commit the offense by a public official, and (2) that this inducement or encouragement created a "substantial risk" that the offense would be committed by defendant, who was otherwise not predisposed to commit it (Penal Law § 40.05; *People v Brown, supra*, at 871; *People v Carrillo*, 191 AD2d 812, 813, *lv denied* 81 NY2d 1070). Defendant's testimony denying that he committed the crime does not in and of itself require that an entrapment charge be given (*see, People v Brown, supra*, at 871).

We find that County Court properly refused to give an entrapment charge because no reasonable view of the evidence supports this defense. There is no evidence of active inducement or encouragement by either Mallon or the undercover investigator. Although defendant points to certain conversations that took place between him and Mallon in September and early October 1992 as proof of inducement, Mallon was not an agent of the police at that time. In any event, those statements were simply words of advice and generalized offers of help. Similarly, there is no evidence of active inducement or encouragement from the police investigator, whose initial meeting with defendant was also monitored and recorded by the police. Defendant's claim that he was frightened by the investigator because he truly believed him to be a paid killer and because he had an imposing build does not rise to the level of active inducement or encouragement. There is also ample record evidence that defendant was predisposed to commit the crime when he met with the undercover investigator on October 15, 1992. He drove out to a rest stop on an interstate highway, equipped with a photograph of his wife, and also provided information to the investigator to assist him in locating defendant's wife and killing her. In short, our review of the record indicates that the police "merely afforded defendant an opportunity to commit the offense, which standing alone is insufficient to warrant an entrapment charge" (*People v Brown*,

*supra*, at 872; *see, People v Calvano*, 30 NY2d 199, 203; *People v Surpris*, 125 AD2d 351; *People v Pollard*, 54 AD2d 1012).

Defendant also contends that he was not afforded effective assistance of counsel. We disagree. The evidence against defendant, which included tape recordings of conversations in which defendant plotted to have his wife killed, was exceptionally strong. Defense counsel's strategy was to attempt to establish the elements of an entrapment defense and to emphasize defendant's precarious mental state. That this strategy did not prove successful is no basis for a finding that defendant's counsel was ineffective (*see, People v Baldi*, 54 NY2d 137, 146-147; *People v Page*, 225 AD2d 831, 834, *lv denied* 88 NY2d 883; *People v English*, 215 AD2d 871, 873, *lvs denied* 86 NY2d 793, 87 NY2d 900). Our review of the record as a whole demonstrates that counsel gave strong opening and closing arguments, made appropriate objections, aggressively cross-examined prosecution witnesses and, in short, did the best he could given the strength of the People's case against defendant (*see, People v Parker*, 220 AD2d 815, 817, *lv denied* 87 NY2d 1023; *People v Beaudoin*, 198 AD2d 610, 612, *lv denied* 82 NY2d 922).

We also reject defendant's argument that County Court should not have admitted that portion of a recorded conversation between defendant and Mallon that related defendant's own plans to kill his wife by stabbing her in the head with an ice pick, injecting her body with drugs, and dumping her body in the waters around New York City. We consider this evidence to have been highly relevant on the issue of defendant's intent, and the probative value of this evidence outweighed its prejudicial impact (*see, People v Lewis*, 69 NY2d 321, 325; *Ando v Woodberry*, 8 NY2d 165, 167).

There is similarly no merit to defendant's argument that County Court should have permitted an adjournment of the trial following closing arguments to permit defense counsel to interview a newly discovered witness who had observed Mallon ridicule defendant. The granting of an adjournment for any reason is a matter of discretion for the trial court (*see, People v Singleton*, 41 NY2d 402, 405; *People v Scott*, 188 AD2d 403, *lv denied* 81 NY2d 892), and we find no abuse of discretion in this case. Since Mallon testified on cross-examination that he considered defendant "a pain in the butt" and that he had felt sorry for defendant, there was already evidence in the record that Mallon's feelings for defendant were at the very least equivocal. Further, at sentencing, defense counsel stated on the record that he had interviewed the witness and found that

the witness had no knowledge about the case and that he would not be an appropriate witness at a new trial.

Defendant claims that the prosecutor in this case is guilty of misconduct because of certain statements made during opening and closing statements and during his cross-examination of the defendant. Counsel registered no objection to the vast majority of those statements identified by defendant, and sought no curative instructions with regard to those statements to which he did object. Accordingly, the issue of prosecutorial misconduct is not preserved for our review (see, People v Utley, 45 NY2d 908, 910), and we decline to reverse on that basis in the interest of justice since the evidence of defendant's guilt was compelling and the identified statements did not prejudice defendant's case (see, CPL 470.15 [6] [a]; People v Musolino, 54 AD2d 22, lv denied 40 NY2d 872, cert denied 430 US 935; People v Sim, 53 AD2d 992, affd 44 NY2d 758).

Defendant's sentence was not harsh or excessive. The sentence imposed was within the statutory guidelines and defendant has not demonstrated an abuse of the sentencing court's discretion as would warrant setting the sentence aside (see, People v Kenny, 175 AD2d 404, 407, lv denied 78 NY2d 1012). Although defendant's diabetes and general poor health may be argued to constitute an "extraordinary circumstance" warranting a shorter sentence (see, supra), we find that County Court had ample evidence before it regarding defendant's health but properly considered the seriousness of defendant's crime in imposing sentence. We therefore find no abuse of discretion. Similarly, County Court properly denied defendant's motion to have the sentence set aside pursuant to CPL 440.20, as we find no error in the court's decision to permit the prosecutor to incorporate a statement from defendant's wife into his presentence remarks.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed.