■ The People of the State of New York, Respondent, v James D. Minckler, Also Known as Paul H. Roberts, Appellant. [695 NYS2d 843] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a jury trial of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and related charges arising out of three separate sales of cocaine to an undercover police officer that were arranged by a confidential informant. We reject the contention of defendant that County Court erred in denying his request to charge the affirmative defense of entrapment. There is no reasonable view of the evidence to support the conclusion that defendant's conduct was "induced or encouraged" by police activity and that defendant was not predisposed to engage in such conduct (Penal Law § 40.05; *see, People v Brown,* 82 NY2d 869, 870-871; *People v Redden,* 181 AD2d 1016, 1017, *lv denied* 79 NY2d 1053). The testimony of the undercover officer demonstrated that she "merely afforded defendant an opportunity to commit the offense, which standing alone is insufficient to warrant an entrapment charge" (*People v Brown, supra,* at 872). In addition, "defendant's ready response to the solicitation demonstrated a predisposition to commit the crime" (*People v Pilgrim,* 154 AD2d 407, 409, *lv denied* 75 NY2d 816).

There is also no merit to the contention of defendant that he received ineffective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). "A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*People v Rivera,* 71 NY2d 705, 708-709).

The consecutive sentences imposed by the court are legal because they are based upon separate sales of cocaine. In the circumstances of this case, however, we conclude that an aggregate term of imprisonment of 25 to 75 years is unduly harsh and severe. Therefore, as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]), we modify the judgment by directing that the terms of imprisonment run concurrently. (Appeal from Judgment of Oswego County Court, McCarthy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.