■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSALYN ABBOTT, Appellant. [711 NYS2d 611] —Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 2, 1999 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree.

These convictions stem from a storefront operation conducted by undercover investigators from the Attorney General's office and the State Police, designed to purchase stolen property and firearms. The store was principally operated by Robert Di Ruzzio, an investigator of the Organized Crime Unit of the Attorney General's office. During the operation, Di Ruzzio met Joseph Zakrzewski and inquired of him if he knew of any handguns that could be purchased. Thereafter, Di Ruzzio met with Zakrzewski and defendant in several unsuccessful attempts to buy a handgun for $400 from an individual identified only as "the kid". Although defendant remained in the car while Zakrzewski scheduled a meeting where Di Ruzzio could meet "the kid", she was present at this meeting. Five days after the failed attempt to make a purchase, defendant, using the alias "Mary",* called Di Ruzzio and arranged a second meeting at which she asked Di Ruzzio for $400 with which to make the purchase. Again, unable to complete the purchase, Zakrzewski and defendant returned the $400. Thereafter, a third unsuccessful attempt was made wherein Zakrzewski and defendant obtained and returned $400.

Finally, several days later, Zakrzewski obtained $400 from Di Ruzzio and said that he would telephone Di Ruzzio after purchasing the gun. Instead, Zakrzewski appeared shirtless at the store and informed Di Ruzzio that he could find the gun

---

* Defendant acknowledged to Di Ruzzio that she was "Mary".

wrapped in a T-shirt behind a piece of cardboard in back of the store. Di Ruzzio followed these instructions, found the T-shirt within which was an unloaded .38-caliber handgun, and returned to the store with the gun. Defendant then requested an additional $20 from Di Ruzzio for all the efforts she made in arranging the sale of the gun. After receiving the $20, defendant inquired of Di Ruzzio if he was interested in purchasing any more guns that evening. Di Ruzzio declined, claiming that he did not have additional funds, but asked defendant and Zakrzewski to let him know if they had any additional guns available in the future. Before leaving the store, Zakrzewski asked Di Ruzzio to return the T-shirt in which the gun was wrapped, claiming that the T-shirt belonged to him. Following his conviction after a jury trial, defendant was sentenced by Supreme Court to concurrent prison terms of $3\frac{1}{2}$ to 7 years on the conviction for criminal possession of a weapon in the third degree and $1\frac{1}{3}$ to 4 years on the conviction for criminal sale of a firearm in the third degree. Defendant appeals.

We affirm. Initially, we find no merit to defendant's contention that Supreme Court erred in refusing to charge the jury with respect to the affirmative defense of entrapment. To be entitled to this charge, a defendant must establish by a preponderance of the evidence that a public officer actively induced or encouraged the defendant to commit the crime and that said inducement or encouragement created a substantial risk that the crime would have been committed by the defendant who otherwise was not predisposed to commit it (*see,* Penal Law § 40.05; *People v Brown,* 82 NY2d 869, 870-871). Moreover, it is well settled that a defendant is entitled to this charge only if it is supported by a reasonable view of the evidence (*see, People v Smyth,* 233 AD2d 746, 747, *lv denied* 89 NY2d 1015; *see also, People v Butts,* 72 NY2d 746, 750).

Our review of the record convinces us that there is no reasonable view of the evidence from which the jury could conclude that defendant was entrapped by the conduct of Di Ruzzio. Although the record clearly establishes that Di Ruzzio afforded defendant and Zakrzewski the opportunity to commit the crime, that fact, standing alone, is insufficient to warrant the requested charge (*see, People v Brown, supra,* at 872; *People v Calvano,* 30 NY2d 199, 203). The record establishes that defendant's conduct, by telephoning Di Ruzzio and arranging a meeting, set in motion the sequence of events which directly led to the sale of the handgun to Di Ruzzio. Also, defendant's request for and receipt of an additional $20 as compensation for the efforts she made in arranging the sale demonstrates the

existence of a profit motive which negates the elements required to support the defense of entrapment. Furthermore, we are convinced that the evidence amply demonstrates defendant's continuous and voluntary participation in arranging the sale of the handgun to Di Ruzzio.

Next, defendant's argument that she was entitled to a charge with respect to the defense of agency is equally unavailing. A defendant is entitled to this charge if there is any reasonable view of the evidence, when examined in a light most favorable to the defendant, which would support the conclusion that the defendant was acting simply as an extension or instrumentality of the buyer (*see, People v Magee*, 263 AD2d 763, 765; *People v Martinez*, 194 AD2d 999, 1000, *lv denied* 82 NY2d 899). Here, the conduct of defendant, when viewed in the light most favorable to her, does not support the conclusion that she was acting simply as an accommodation or extension of Di Ruzzio. The conduct of defendant was persistent, bringing about the final sale after several prior failures. These repeated attempts to consummate the sale were done at defendant's initiation. Clearly, defendant dictated the price of the weapon, the time and location that the weapon would be obtained, a willingness to engage in future purchases of weapons and a profit motive in bringing about the sale. Accordingly, we find no reason to disturb Supreme Court's refusal to charge the defense of agency.

Defendant's remaining contentions merit little discussion. First, defendant's claim that Supreme Court erred in denying her motion to sit in the spectator area of the courtroom for Di Ruzzio's in-court identification is without merit since defendant failed to come forward with evidence that cast sufficient doubt on the reliability of such identification testimony (*see, People v Stuckey*, 220 AD2d 223, *lv denied* 87 NY2d 977). Here, defendant offered no evidence to cast doubt upon Di Ruzzio's ability to make an in-court identification of her. The record is clear that Di Ruzzio and defendant had several face-to-face meetings, that Di Ruzzio was aware of defendant's frequent use of the alias "Mary" and that defendant acknowledged such use.

Second, there is no merit to defendant's claim that Supreme Court erred in allowing the prosecution during redirect of Di Ruzzio to explore the purpose of the storefront and to inquire about previous transactions with defendant and Zakrzewski. The scope of redirect examination is a matter within the discretion of the trial court and may be allowed concerning an issue raised on cross-examination which was not explored on direct

examination (*see, People v Bailey*, 159 AD2d 862). Our review of the record reveals no reason upon which to disturb Supreme Court's exercise of discretion in this area.

Third, defendant further contends that she was denied the effective assistance of counsel. A review of the record, however, reveals that defense counsel provided meaningful representation by conducting effective cross-examination of the witnesses, pursuing a valid theory of defense, and delivering appropriate opening and closing arguments (*see, People v Brown*, 252 AD2d 835, 837), resulting in the conclusion that, under the facts and circumstances of this case, defendant received reasonably competent meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Lastly, there is no substance to defendant's present claim that the sentence imposed was unduly harsh or excessive. Sentencing is within the sound discretion of the trial court and will not be disturbed absent extraordinary circumstances (*see, People v Grenier*, 250 AD2d 874, *lv denied* 92 NY2d 898; *see also*, CPL 470.15, 450.10). Given the past criminal history of defendant and the fact that the sentence was within the permissible statutory limits, we find no reason to disturb the sentence imposed. The fact that a codefendant may have received a lesser sentence, although convicted of the same charges, does not mandate disturbing Supreme Court's exercise of discretion in this regard (*see, People v Shahid*, 262 AD2d 670, *lv denied* 94 NY2d 829; *People v Bell*, 249 AD2d 777, *lv denied* 92 NY2d 922).

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.