■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DELANEY, Appellant. [765 NYS2d 696] —Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Czajka, J.), rendered August 9, 2001, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

In September 2000, James Bezio, an investigator for the Inspector General's Office for the Department of Correctional Services, contacted defendant and attempted to purchase heroin from him. Bezio posed as "Jay Shortridge," the brother of an inmate in the Cayuga Correctional Facility in Cayuga County who was acquainted with defendant's brother, Tony Delaney. Following several telephone conversations, defendant agreed to send Bezio two bundles of heroin via express mail to a post office box in the Town of Colonie, Albany County, in exchange for a $230 money order payable to defendant and sent to defendant's Brooklyn address.

After Bezio received the two bundles of heroin, he asked defendant to purchase more heroin for another inmate and to bring the heroin to the Cayuga Correctional Facility. Bezio sent $150 to the same address for the drugs. When defendant arrived at the correctional facility, he was arrested. Although defendant initially claimed that he had heroin on his person, a search revealed that he did not possess any drugs.

A grand jury subsequently indicted defendant, charging him with the crime of criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was found guilty

as charged and sentenced to an indeterminate term of imprisonment of 10 to 20 years. Defendant appeals and we now reverse.

We agree with defendant that County Court erred in denying his request to submit the agency defense to the jury. As defendant asserts, it is well settled that " '[o]ne who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics' " (*People v Lam Lek Chong,* 45 NY2d 64, 73 [1978], *cert denied* 439 US 935 [1978], quoting *People v Branch,* 13 AD2d 714, 714 [1961]). In determining whether to charge the agency defense to the jury, a "trial court [is] required to view the trial evidence in the light most favorable to the defendant and to give the instruction if 'some evidence, however slight * * * support[s] the inference that the supposed agent was acting, in effect, as an extension of the buyer' " (*People v Ortiz,* 76 NY2d 446, 448 [1990], *amended* 77 NY2d 821 [1990], quoting *People v Argibay,* 45 NY2d 45, 55 [1978], *cert denied* 439 US 930 [1978]; *see People v Magee,* 263 AD2d 763, 765 [1999]). Entitlement to the charge turns "entirely on the relationship between the buyer and the defendant" (*People v Herring,* 83 NY2d 780, 782 [1994]), and factors to be considered include the nature and extent of any previous relationship between the buyer and the defendant, whether the buyer suggested the transaction, the defendant's involvement with other drug transactions and whether the defendant profited or expected to profit from the transaction (*People v Ortiz, supra* at 449; *People v Lam Lek Chong, supra* at 75). We note, however, that "[t]he determination as to whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong, supra* at 74).

Here, Bezio admitted that he initiated contact and suggested the transaction. Defendant testified that he was first contacted by Charles Shortridge, a good friend of defendant's brother, who told him that "Jay Shortridge," i.e., Bezio, would be contacting him. Charles Shortridge stated that he and defendant's brother needed a favor and that "Jay Shortridge" would explain the details. Bezio called defendant a few days later to arrange the details of the transaction. Defendant testified that Bezio told him how much money he would send, how to package the heroin and where to send it. Defendant stated that, as a favor to his brother and Charles Shortridge, he agreed to send the heroin to Bezio via express mail after he received $230. Defendant additionally explained that he

obtained the drugs from a man in his neighborhood who was known for using "crack" cocaine. Defendant claimed that he made no profit from the transaction and that he was neither a drug dealer nor drug user. Viewing this testimony in a light most favorable to defendant and despite Bezio's assertions that defendant did expect to make a profit on the transaction, we conclude that a question of fact exists as to whether defendant was acting as an extension of the buyer or supposed buyers and, thus, the agency defense should have been charged (*see People v Roche,* 45 NY2d 78, 86-87 [1978], *cert denied* 439 US 958 [1978]; *cf. People v Herring, supra* at 782; *People v Norman,* 277 AD2d 824, 825 [2000], *lv denied* 96 NY2d 804 [2001]; *People v Abbott,* 275 AD2d 481, 483 [2000], *lv denied* 96 NY2d 731 [2001]). Accordingly, we must reverse and remit for a new trial.

Although our holding resolves many of defendant's other challenges, two points remain to be addressed. First, we reject defendant's contention that the entrapment defense should have been charged to the jury. In order to establish entitlement to this defense, a defendant must demonstrate that the evidence adduced at trial reasonably and sufficiently supports an inference that "(1) he [or she] was actively induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a 'substantial risk' that the offense would be committed by defendant who was not otherwise disposed to commit it" (*People v Brown,* 82 NY2d 869, 871 [1993]; *see* Penal Law § 40.05). No reasonable view of the evidence presented here supports entitlement to the defense. There is no suggestion that Bezio actively persuaded defendant to engage in the transaction; instead, the relevant testimony establishes that Bezio merely offered defendant an opportunity to commit the crime. Inasmuch as "[m]erely asking a defendant to commit a crime is not such inducement or encouragement as to constitute entrapment" (*People v Brown, supra* at 872), County Court did not err in refusing to give the charge (*see People v Butts,* 72 NY2d 746, 751 [1988]; *People v Abbott, supra* at 482-483).

Similarly lacking in merit is defendant's argument that he was not given sufficient notice of the grand jury proceedings. Although the People initially notified defendant that his case would be presented to a grand jury on December 13, 2000 at 9:30 A.M., he was informed on December 12th that the case would instead be presented that day at 2:00 P.M. Defendant claims that he was unable to adequately prepare a defense or contact witnesses who may have been willing to testify due to this scheduling change. We note, however, that defendant

informed the People that he wished to testify and appeared before the grand jury. Defendant was represented by counsel and made no request for an adjournment or additional time to prepare or call witnesses. Under the circumstances of this case, we conclude that defendant received adequate notice of the grand jury proceedings (*see People v Sawyer,* 274 AD2d 603, 606 [2000], *affd* 96 NY2d 815 [2001]).

We have considered defendant's remaining arguments and conclude that they are either rendered academic by our decision or are meritless.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.