(April 14, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SKERVIN, Appellant. [792 NYS2d 716]—

Mercure, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 28, 1999 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (two counts) and resisting arrest.

When police officers stopped the car in which defendant was a passenger, he was found to be in possession of a loaded handgun whose serial number had been filed off. Defendant was arrested and charged with, among other things, two counts of criminal possession of a weapon in the third degree. He was convicted on these two counts, as well as on one count of resisting arrest. His primary contention on appeal is that Supreme Court erred in denying his request to charge the jury on the affirmative defense of entrapment.

A trial court must charge the affirmative defense of entrapment when "the evidence adduced at trial reasonably and sufficiently supports an inference that '(1) he [or she] was actively

induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a "substantial risk" that the offense would be committed by defendant who was not otherwise disposed to commit it' " (*People v Delaney*, 309 AD2d 968, 970 [2003], quoting *People v Brown*, 82 NY2d 869, 871 [1993]; *see* Penal Law § 40.05). In considering defendant's request for such a charge, the evidence must be viewed in the light most favorable to defendant (*see People v Brown, supra* at 871; *People v Butts*, 72 NY2d 746, 750 [1988]).

The evidence at trial established that defendant was in possession of a loaded and defaced handgun outside of his home because his cousin, Clive Pinto, had asked defendant to accompany him and bring the handgun along on a fictitious mission to deal with "a beef" that Pinto had with someone in the City of Troy, Rensselaer County. In reality, Pinto was a police informant who was trying to gain favor with the police by providing them access to the gun, which Pinto knew to be in defendant's apartment, and which was believed to have been used by defendant's brother during the commission of a homicide. Pinto knew that his vehicle was being followed by the police throughout the entire evening, from the time that he picked defendant up at work until the vehicle was pulled over some time later. There is no dispute that Pinto was working as an agent of the police; the issue is whether Pinto "actively induced or encouraged" defendant to commit the charged crimes (*People v Delaney, supra* at 970; *see People v Brown, supra* at 871).

Viewing the evidence adduced at trial in the light most favorable to defendant, the record does not demonstrate that Pinto did anything more than merely ask defendant to bring the gun along on the mission to Troy. While Pinto may have duped defendant, there is simply insufficient evidence that defendant was induced or encouraged by Pinto to commit the crimes for which he was being tried (*see People v Brown, supra* at 871-872; *People v Butts, supra* at 751; *People v Delaney, supra* at 970) and, thus, Supreme Court did not err in refusing to give the entrapment charge.

We have reviewed defendant's remaining contentions, including his argument that the sentence imposed was harsh and excessive, and find them to be either unpreserved for our review or without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.