**Henry VEGA, Petitioner–Appellant,**

v.

**James WALSH, Superintendent, Sullivan County Correctional Facility, Andrew M. Cuomo, Attorney General of New York,[1] Respondents–Appellees.**

No. 07–0271–pr.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), New York State Attorney General, Andrew M. Cuomo, is automatically substituted for former New York State Attorney General, Eliot L. Spitzer, as a respondent in this case.

Martin M. Lucente, Legal Aid Society, Criminal Appeals Bureau, New York, NY, for Petitioner–Appellant.

Peter A. Crusco, Assistant District Attorney (John M. Castellano, Assistant District Attorney, of counsel; Richard A. Brown, District Attorney, on the brief), Queens County District Attorney, Kew Gardens, NY, for Respondents–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, Hon. CHARLES S. HAIGHT, JR., District Judge.[2]

**SUMMARY ORDER**

Petitioner-appellant Henry Vega appeals from an order of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*), entered January 8, 2007, 2007 WL 812791, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the factual background and procedural history of this case.

"We review a district court's decision to grant a habeas petition de novo and the court's factual findings for clear error." *United States v. Becker*, 502 F.3d 122, 127 (2d Cir.2007). Under the enhanced deference required for habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996, a federal habeas court may not grant a petition unless it finds that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In addition, "a determination of a factual issue

made by a State court shall be presumed to be correct," unless rebutted by clear and convincing evidence. *Id.* § 2254(e)(1).

**I. Denial of the Entrapment Instruction**

Vega first argues that the trial court's refusal to charge entrapment violated his due process rights and his right to present a defense by removing from the jury's consideration a complete defense. We have explained that the entrapment defense "lacks a constitutional dimension; instead it is a creature of statutory construction based on 'the notion that Congress could not have intended criminal punishment for a defendant who has committed all elements of a proscribed offense but was induced to commit them by the Government.'" *United States v. Taylor*, 475 F.3d 65, 69 (2d Cir.2007) (quoting *United States v. Russell*, 411 U.S. 423, 435, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *see also Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). However, we have held that a faulty instruction on justification may rise to the level of a constitutional violation if the " 'ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir.2001) (quoting *Cupp*, 414 U.S. at 147, 94 S.Ct. 396, and citing *Estelle*, 502 U.S. at 72, 112 S.Ct. 475).

Here, the District Court found that because the defense of entrapment does not "negate the commission of the crime charged or the existence of any element thereof, there is no basis for holding that

**2.** Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

the failure to charge the defense, any more than the failure to recognize such a defense, rises to the level of a Due Process [Clause] violation." *Vega v. Walsh,* No. 06–3246, 2007 WL 539143, at *1 (E.D.N.Y. Feb. 16, 2007) (internal citation and quotation marks omitted) (alteration in original). However, in *Davis,* we said that the *"first step* in the determination whether [a jury instruction] violated the petitioner's federal due process rights" is whether the "petitioner was erroneously deprived of a jury instruction to which he was entitled." 270 F.3d at 123 (emphasis added); *see also Jackson v. Edwards,* 404 F.3d 612, 621 (2d Cir.2005). The second step is whether the failure resulted in a denial of due process. *Davis,* 270 F.3d at 131. We explained:

> The fact that federal habeas corpus relief does not lie for errors of state law, does not mean, however, that errors under state law cannot result in cognizable violations of a constitutional right to due process. What due process requires will often depend on what state law is. States are free to define the elements of, and defenses to, crimes. Once states have promulgated laws to define criminal conduct, however, federal due process protects a defendant from conviction unless he is shown in a fair proceeding to have violated those laws.

*Id.* at 123 (internal citations and quotations marks omitted). As New York state has allowed for and defined the defense of entrapment, a denial of that defense could result in a violation of a defendant's right to due process where that denial was " 'sufficiently harmful to make the conviction unfair.' " *Jackson,* 404 F.3d at 624 (quoting *Davis,* 270 F.3d at 124).

■ However, even if the denial of an entrapment charge can rise to the level of a due process violation, here we need not reach that issue as we find that Vega has not shown that the state court's determina-

tion that he was not entitled to an entrapment charge was in error under New York state law, as required by the first step of *Davis,* 270 F.3d at 123, and *Jackson,* 404 F.3d at 621. Under New York law, Vega bears the burden of establishing entrapment by a preponderance of the evidence. New York Penal Law §§ 25.00(2), 40.05 (McKinney 2004). The defense requires a showing "both that the proscribed conduct was 'induced or encouraged' by official activity and that the defendant had no predisposition to engage in such conduct." *People v. Butts,* 72 N.Y.2d · 746, 536 N.Y.S.2d 730, 533 N.E.2d 660, 663 (1988) (quoting N.Y. Penal Law § 40.05); *see also Taylor,* 475 F.3d at 69 ("[T]he government may defeat the defense of entrapment with proof of predisposition to commit the crime."); *People v. Brown,* 82 N.Y.2d 869, 609 N.Y.S.2d 164, 631 N.E.2d 106, 108 (1993) ("Merely asking a defendant to commit a crime is not such inducement or encouragement as to constitute entrapment."). If there is sufficient evidence to support the defense, the defendant is entitled to the charge even though the defense may be inconsistent with another defense or with the defendant's denial of involvement in the crime. *Butts,* 536 N.Y.S.2d 730, 533 N.E.2d at 663. Where "no reasonable view" of the evidence would allow a jury to find that the statutory requirements of an entrapment affirmative defense were satisfied, a defendant is not entitled to the charge. *Brown,* 609 N.Y.S.2d 164, 631 N.E.2d at 107.

■ "In determining whether a petitioner was entitled to a defense under state law, federal courts must of course defer to state-court interpretations of the state's laws, so long as those interpretations are themselves constitutional." *Davis,* 270 F.3d at 123 n. 4. The state courts' denial of the entrapment defense based on its finding that "no reasonable view of the evidence could lead to the conclusion that the defendant was actively induced or en-

couraged to sell the drugs at issue or that he had no predisposition to do so" was not in error, much less an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). First, there was no evidence that the undercover officers actively persuaded defendant to engage in the transactions; instead, the relevant testimony establishes that the confidential informant and officers merely offered defendant an opportunity to commit the crimes. While the confidential informant introduced Vega to the officers and Vega admittedly expressed reluctance to engage in one transaction for reasons that were not introduced into evidence, there was no evidence of inducement or encouragement. Second, the police department's use of an elaborate fake social club, on its own, is not sufficient to warrant the entrapment instruction. "[T]he fact that government agents merely afford opportunities or facilities for the commission of the offense does not constitute entrapment. Entrapment occurs only when the criminal conduct was the product of the creative activity of law-enforcement officials." *Sherman v. United States,* 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958) (internal quotation marks omitted); *see also Sorrells v. United States,* 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413 (1932). The social club merely facilitated the police department's recording of Vega's activities and served as a meeting place for the sales. Third, no reasonable view of the evidence could show that Vega was not predisposed to commit the crimes. Aside from the evidence of his former convictions, Vega portrayed himself to be a knowledgeable and experienced drug dealer with more than one supplier, methods for avoiding detection by the police, and capacity to store cocaine.

## II.  Confidential Informant

Vega also argues that the trial court violated his right to a fair trial by denying his request for disclosure or production of the confidential informant used to introduce Vega to the undercover officers. "[T]he identity of ... an informer must be disclosed whenever the informer's testimony may be relevant and helpful to the accused's defense." *Roviaro v. United States,* 353 U.S. 53, 61–62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The Court has explained, however, that,

> no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. 623.

We interpreted *Roviaro* "to require disclosure [of a confidential informant's identity] when it is material to the defense. The determination of materiality lies with the trial judge, subject to an abuse of discretion standard of review." *DiBlasio v. Keane,* 932 F.2d 1038, 1041–42 (2d Cir. 1991) (internal citation and quotation marks omitted). The New York Court of Appeals also relied on *Roviaro* to hold that "some initial showing, must be made before privileged matter affecting the substantive issues must be disclosed, and ... the issue is one to be determined in the exercise of a sound discretion by the Trial Judge." *People v. Goggins,* 34 N.Y.2d 163, 356 N.Y.S.2d 571, 313 N.E.2d 41, 44 (1974). "[T]he truly crucial factor in every case is the relevance of the informer's testimony to the guilt or innocence of the accused." *Id.* at 45.

■ Here, the trial court's denial of the request to compel the identity of or produce the confidential informant on the basis that the "sole role of the informant was to introduce the undercover police officer to the defendant" was not in error, much less "an unreasonable application of ... clearly established Federal law" or "an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d). The confidential informant introduced Vega to the undercover officers and set up a meeting at which Vega agreed to sell the undercover officers drugs. However, Vega did not introduce evidence that, if believed, would establish his entrapment defense. *Cf. DiBlasio,* 932 F.2d at 1043. The evidence did not in any way indicate that any form of pressure was brought to bear on Vega by the informant and it clearly showed Vega's predisposition to sell drugs. Thus, the trial court was reasonable in weighing the interests and in finding that the informant's testimony was not significant enough to Vega's defense to warrant disclosure or production.

Accordingly, we AFFIRM the order of the District Court.