■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SIERRA, Appellant. [885 NYS2d 495]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 31, 2007, convicting defendant, after a jury trial, of bribery in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly declined to deliver an entrapment charge. There was no reasonable view of the evidence that the police officers induced or encouraged defendant to commit bribery, or that their conduct created a substantial risk that the crime would be committed by a person not otherwise disposed to do so

(*see* Penal Law § 40.05; *People v Brown,* 82 NY2d 869 [1993]; *People v Butts,* 72 NY2d 746 [1988]). Defendant initiated the chain of events by making a series of bribe offers, including an offer of a specific sum of money. The ensuing police activity merely gave defendant an opportunity to commit the crime. Additionally, in a taped conversation made after delivery of the bribe money, defendant confirmed that, from the inception, he had intended to offer a bribe.

The court properly declined to redact a portion of the taped conversation that referred to the possibility that defendant may have purchased marijuana in the past. This innocuous conversation provided background and context (*see generally People v Till,* 87 NY2d 835, 837 [1995]), demonstrating that defendant was freely conversing with the officer, a matter that was relevant to issues presented at trial. In any event, during this conversation defendant denied that he had made previous marijuana purchases, and this evidence was not unduly prejudicial.

Defendant's challenge to the imposition of the mandatory surcharge is without merit (*see People v Guerrero,* 12 NY3d 45 [2009]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.