■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIHOON LEE, Appellant. [940 NYS2d 80]—

Judgment, Supreme Court, New York County (Michael R. Sonberg J.), rendered December 7, 2010, convicting defendant, after a jury trial, of bribery in the third degree, and sentencing him to a term of five years' probation, unanimously affirmed.

The court properly denied defendant's request for an instruction on the affirmative defense of entrapment. There was no reasonable view of the evidence that the officers induced or encouraged defendant to commit bribery, or that their conduct created a substantial risk that defendant would commit that crime although not otherwise disposed to do so (*see* Penal Law § 40.05; *People v Brown*, 82 NY2d 869 [1993]; *People v Butts*, 72 NY2d 746 [1988]).

The officers testified that defendant initiated the crime by making several unrecorded bribe offers, and there was no evidence casting doubt on their testimony. The police then engaged defendant in a conversation that they secretly taped. This procedure merely gave defendant a further opportunity to commit the crime (*see People v Sierra*, 65 AD3d 968 [2009], *lv denied* 13 NY3d 910 [2009]).

Defendant's assertion that, in the unrecorded conversations, the police may have engaged in conduct constituting entrapment rests entirely on speculation. That speculative inference is not supported by anything in the recorded conversation, or by an officer's inartful description of that conversation as designed to "elicit" or "solicit" a bribe offer.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.