## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 12, 2015                    105205
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

MICHAEL TAYLOR,
                        Appellant.
_____

Calendar Date:  January 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Arthur G. Dunn, Troy, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Shirley Huang of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 6, 2012, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

        Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree after he sold crack cocaine to an undercover police investigator twice on the same day.  Following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 15 years.  Defendant now appeals.

We reject defendant's contention that the judgment of conviction must be reversed and a new trial ordered because he was denied the effective assistance of counsel.  A claimed violation of the constitutional right to the effective assistance of counsel will not survive judicial scrutiny "'[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Baldi, 54 NY2d 137, 147 [1981]; see People v Wiltshire, 96 AD3d 1227, 1229 [2012], lv denied 22 NY3d 1204 [2014]).  In particular, after defendant's counsel failed to ask the investigator during cross- examination if he performed field testing on the substances that he purchased from defendant, County Court denied defendant's subsequent request to admit the investigator's purportedly inconsistent grand jury testimony due to counsel's failure to lay a foundational basis.  In particular, during his trial testimony, the investigator explained how he processed the drugs after he purchased them from defendant, but made no specific mention of field testing the substances.  The investigator's testimony, however, was not inconsistent with his prior grand jury testimony, during which he allegedly stated that he had field tested the drugs that defendant had sold to him and, therefore, there was no testimony that could be used for impeachment purposes.  Moreover, although counsel's failure to pursue the issue of field testing while questioning the investigator was not a tactical decision, we do not agree that one isolated misstep of this nature was so "egregious and prejudicial as to compromise  defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; accord People v Ford, 110 AD3d 1368, 1370 [2013], lv denied 24 NY3d 1043 [2014]).

As to defendant's assertion that the sentence imposed was unduly harsh and excessive, County Court sentenced defendant to serve two concurrent prison terms of 12 years for the criminal possession and criminal sale convictions stemming from the first of two drug sales, which were set to run consecutively with the two concurrent prison terms of three years for the criminal sale and criminal possession convictions resulting from the second drug sale.  Defendant argues that, because both drug sales involved small quantities of drugs and occurred within a short

period of time, the court abused its discretion in imposing consecutive sentences. We disagree. While the drug sales occurred in a somewhat "close temporal proximity," they were separate criminal transactions (People v Perry, 70 AD3d 1063, 1065 [2010], lv denied 14 NY3d 804 [2010]; see People v Brown, 80 NY2d 361, 363-364 [1992]). Therefore, given the absence of extraordinary circumstances or an abuse of discretion, we decline to exercise our interest of justice jurisdiction to modify defendant's sentences (compare People v McCombs, 18 AD3d 888, 890-891 [2005]; People v Holmes, 304 AD2d 1043, 1045 [2003], lv denied 100 NY2d 642 [2003]).

Lahtinen, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court