People v Figueroa (2018 NY Slip Op 08372)





People v Figueroa


2018 NY Slip Op 08372


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

108875

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RAFAEL FIGUEROA, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
John L. Hubbard, District Attorney, Delhi (Sean T. Becker of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Delaware County (Burns, J.), rendered April 15, 2016, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (three counts).
In December 2014, after the Delaware County Sheriff's Department conducted three separate controlled buy operations involving a confidential informant (hereinafter CI), defendant was charged by indictment with three counts of criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was convicted as charged and he was later sentenced, as a second felony offender, to three consecutive prison terms of three years, followed by three years of postrelease supervision. Defendant now appeals, and we affirm.
Defendant argues that County Court erred in denying his request to charge the jury with the affirmative defense of entrapment. To establish entitlement to an entrapment defense jury charge, a defendant must establish that the trial evidence reasonably and sufficiently supports the inference that he or she was actively "induced or encouraged" to commit the offense "by a public servant, or by a person acting in cooperation with a public servant," and that such inducement or encouragement created "a substantial risk that the offense would be committed by a [defendant who was] not otherwise disposed to commit it" (Penal Law § 40.05; see People v Brown, 82 NY2d 869, 870-871 [1993]; People v Butts, 72 NY2d 746, 750 [1988]; People v Hunt, 50 AD3d 1246, 1248 [2008], lv denied 11 NY3d 789 [2008]). In determining whether the entrapment defense jury charge is warranted, a trial court must consider the evidence in the light most favorable to the defendant (see People v Brown, 82 NY2d at 870-871; People v Butts, 72 NY2d at 750).
Viewed most favorably to defendant, there is no reasonable view of the evidence that supports defendant's asserted entitlement to the entrapment defense jury charge. Defendant did not testify on his own behalf or present any witnesses, and the evidence presented by the People [*2]does not support the inference that defendant was actively induced or encouraged by law enforcement, or its agent, to sell cocaine on three occasions to the CI, defendant's longtime acquaintance (see People v Blunt, 110 AD3d 635, 635-636 [2013], lv denied 22 NY3d 1087 [2014]; People v Smyth, 233 AD2d 746, 747 [1996], lv denied 89 NY2d 1015 [1997]). Rather, law enforcement's facilitation of the controlled buy operations through the use of a CI merely afforded defendant the "opportunit[ies] to commit [the] offense[s]," conduct which is insufficient to constitute entrapment (Penal Law § 40.05; see People v Brown, 82 NY2d at 872; People v Mazarigos, 76 AD3d 533, 534 [2010]; People v Delaney, 309 AD2d 968, 970 [2003]). Contrary to defendant's assertions, the evidence establishing that he arrived late to the second and third prearranged buys after he received several text messages from the CI does not, without more, constitute active encouragement or inducement (see Penal Law § 40.05). Moreover, there was no evidence presented at trial that could support the conclusion that defendant was not predisposed to commit the crime of criminal sale of a controlled substance in the third degree (see People v Minckler, 265 AD2d 799, 799 [1999], lvs denied 94 NY2d 882, 883 [2000]; People v Carrillo, 191 AD2d 812, 814 [1993], lv denied 81 NY2d 1070 [1993]). Accordingly, as there was no reasonable view of the evidence under which a jury could have found that the statutory requirements were satisfied, County Court properly denied defendant's request to charge the affirmative defense of entrapment (see People v Brown, 82 NY2d at 871-872; People v Butts, 72 NY2d at 750-751; People v Minckler, 265 AD2d at 799).
We further reject defendant's contention that his sentence is harsh and excessive. Initially, the imposition of three consecutive prison sentences was legally permissible, as the drug sales constituted three distinct criminal transactions taking place on three separate days in November 2014 (see People v Darby, 72 AD3d 1280, 1284 [2010], lvs denied 15 NY3d 749 [2010]; People v Davis, 267 AD2d 597, 598 [1999]). In addition, given defendant's criminal history, which includes several prior convictions in New York and New Jersey, we discern no extraordinary circumstances or abuse of discretion that would warrant a modification of defendant's sentence (see People v Taylor, 126 AD3d 1120, 1121-1122 [2015], lv denied 25 NY3d 1172 [2015], cert denied ___ US ___, 136 S Ct 1172 [2016]; People v Darby, 72 AD3d at 1284). Finally, the record is devoid of any evidence supporting defendant's claim that the sentence was vindictive or imposed as punishment for rejecting a plea offer and exercising his right to a trial (see People v Arce-Santiago, 154 AD3d 1172, 1175 [2017], lv denied 30 NY3d 1113 [2018]; People v Griffin, 122 AD3d 1068, 1071 [2014], lv denied 25 NY3d 1164 [2015]; People v Mercado, 113 AD3d 930, 934 [2014], lv denied 23 NY3d 1040 [2014]). Thus, we will not disturb defendant's sentence.
McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.