People v Barr (2019 NY Slip Op 00500)





People v Barr


2019 NY Slip Op 00500


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

108725

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRIAN BARR, Appellant.

Calendar Date: January 4, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Marshall Nadan, Kingston, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered March 18, 2016 in Albany County, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree as a hate crime (two counts) and conspiracy in the fifth degree as a hate crime.
Defendant was charged in 17 counts of a larger indictment with various crimes stemming from his involvement in a ring of hate crimes targeting elderly victims. In satisfaction of the indictment, he pleaded guilty to grand larceny in the fourth degree as a hate crime (two counts) and conspiracy in the fifth degree as a hate crime. Supreme Court determined defendant to be a second felony offender and imposed consecutive prison sentences on all counts, with an aggregate sentence of 7½ to 15 years. Defendant appealed and, when this case was previously before this Court, we rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (163 AD3d 1174 [2018]).
Defendant contends that Supreme Court erred in ordering that the sentence for the conspiracy conviction run consecutively to the other sentences imposed. "[S]entences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses; or (2) where a single act constitutes one of the offenses and a material element of the other"; "[w]hen consecutive sentences are imposed, the People are obligated to establish their legality" (People v Laureano, 87 NY2d 640, 643 [1996]; see People v Felipe, 79 AD3d 1454, 1456 [2010]). Defendant admitted to committing grand larceny in the fourth degree as a hate crime in concert with others when, sometime between February 16, 2014 and May 10, 2014, defendant offered to repair an elderly victim's computer for an advanced payment and never returned the computer or the payment (as charged in count 23 of the indictment), and when he stole money with a codefendant from another elderly victim on November 6, 2014 for a home improvement project that was never completed (as charged in count 27 of the indictment). Defendant concedes, and we agree, that the grand larceny crimes, which occurred on different days with different victims, encompassed separate and distinct acts. Therefore, consecutive [*2]sentences were authorized for those crimes (see People v Figueroa, 167 AD3d 1073, ___, 2018 NY Slip Op 08372, *2 [2018]; People v Davis, 267 AD2d 597, 598 [1999]).
We, however, reach a different conclusion with respect to the sentence imposed on defendant for his conviction of conspiracy in the fifth degree as charged in count 30 of the indictment. "A person is guilty of conspiracy in the fifth degree when, with intent that conduct constituting . . . a felony be performed, he [or she] agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.05 [1]). "A conspiracy consists of an agreement to commit an underlying substantive crime . . ., coupled with an overt act committed by one of the conspirators in furtherance of the conspiracy" (People v Caban, 5 NY3d 143, 149 [2005]; see Penal Law §§ 105.05 [1]; 105.20).
Upon our review of the allegations in the relevant counts of the indictment, as well as the facts adduced at the plea allocution (see People v Laureano, 87 NY2d at 644), we find that the People failed to satisfy their obligation of establishing that the act underlying the grand larceny charged in count 27 of the indictment was separate and distinct from the actus rei of the conspiracy charged in count 30 of the indictment (see People v Dean, 8 NY3d 929, 930-931 [2007]). As a result, Supreme Court lacked the authority to impose consecutive sentences on those counts and, thus, should have directed that the sentence imposed on the grand larceny conviction under count 27 run concurrently with the sentence imposed on the conspiracy conviction.
Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by directing that defendant's sentences for grand larceny in the fourth degree as a hate crime under count 27 of the indictment and conspiracy in the fifth degree as a hate crime under count 30 of the indictment shall run concurrently to each other and consecutively to the remaining sentence imposed, and, as so modified, affirmed.